**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **COTTONWOOD FINANCIAL LTD.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:10-CV-01650-N** |
| | § | |
| **THE CASH STORE FINANCIAL** | § | |
| **SERVICES INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**<u>AGREED PROTECTIVE ORDER</u>**

Upon the Joint Motion of the Parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

It is hereby ORDERED that:

1.      This Protective Order shall govern the production of, dissemination of, and access to Classified Information disclosed by the parties in the course of this litigation.

2.      "Classified Information" shall mean all information designated as "Confidential" or "Attorneys' Eyes Only," as provided in this Protective Order, and produced or otherwise disclosed by the parties in this action including, without limitation, (a) all documents and things and copies and summaries thereof, (b) all discovery requests and responses to discovery requests, and (c) all testimony given in connection with this action by the parties, their present and former officers, directors, employees, agents, consultants, and/or experts, whether by deposition or at trial, which this Order or a party so designates, including all transcript copies thereof.

3.      Classified Information in documentary or written form shall be designated as "Confidential Information" by marking each page of the document or writing containing Confidential Information as follows: "CONFIDENTIAL."   Classified Information may be

further designated as "Attorneys' Eyes Only Information" by marking such information as follows: "ATTORNEYS' EYES ONLY."    The designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be plainly legible on each page of each document.  In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.  In the case of documents and things produced in electronic form (including, without limitation, CDs, computer diskettes, or any other electronic storage media) a designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY marked on the physical storage medium itself (and/or its case or container) shall apply and extend to all information contained therein and/or generated therefrom.  All documents or things or any portion thereof produced for inspection (but not yet delivered to or copied for the inspecting party) shall be deemed as "Attorneys' Eyes Only," whether marked ATTORNEYS' EYES ONLY, CONFIDENTIAL, or not yet marked.

4.    All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of preparation and trial of this litigation and the appeal, if any, of any judgment in the litigation and for no other purposes whatsoever, and shall not be disclosed to any person except in accordance with the terms hereof.  In designating information as Confidential or Attorneys' Eyes Only, a party will make such designation only as to that information that it in good faith believes contains confidential information.  Information or material that has been made available to the public, including catalogues, advertising materials, and the like that have been published shall not be designated as Classified Information.

5.    A party shall designate as Classified Information only such materials and information that the party in good faith believes constitute materials or information as used by it in, or pertaining to, its business and that is not generally known and/or that the designating party

would cause third parties to maintain in confidence.  Nothing shall be designated as Attorneys' Eyes Only Information except financial data, marketing and business strategy information, and technological information that a party in good faith regards as information of a critically sensitive nature, which if disclosed to persons of expertise in the area would reveal significant technical or business advantages of the producing or designating party.  Nothing shall be regarded as Classified Information if it is information that either:

(a)     is in the public domain at the time of disclosure, as evidenced by a written document;

(b)     becomes part of the public domain through no fault of the other parties, as evidenced by a written document;

(c)     the receiving party can show by written document that the information was in its rightful and lawful possession at the time of disclosure; or

(d)     the receiving party lawfully receives such information at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

6.     "Qualified Persons," as used herein means:

(a)     Counsel for the parties as follows:

(i)     For Plaintiff Cottonwood Financial Ltd.: Carrington Coleman Sloman & Blumenthal, LLP, including its attorneys and paralegals, stenographic and clerical employees of those attorneys and paralegals, and other support staff whose functions require access to Classified Information.

(ii)     For Defendant The Cash Store Financial Services Inc.: Dorsey & Whitney LLP and Hitchcock Evert LLP, including attorneys and paralegals,

stenographic and clerical employees of those attorneys and paralegals, and other support staff whose functions require access to Classified Information.

(b)     Actual or potential independent technical experts or consultants, whose advice and consultation and/or testimony are being or will be used by a party in connection with the conduct of this litigation.  Counsel desiring to disclose Classified Information to such experts or consultants shall first obtain a signed undertaking by each such expert or consultant who may require access to such materials, in the form of Exhibit "A" attached hereto.

(c)     For Plaintiff, the following three designated officers, namely, Trevor Ahlberg, James Vineyard, and Karla Flores, provided those officers have signed an undertaking in the form of Exhibit "A" attached hereto prior to any disclosure of Classified Information to such person.

(d)     For Defendant, the following three designated officers, namely, Gordon Reykdal, Nancy Bland and William Johnson, provided those officers have signed an undertaking in the form of Exhibit "A" attached hereto prior to any disclosure of Classified Information to such person.

(e)     Pursuant to Paragraph 8 of this Protective Order, the Qualified Persons identified in sub Paragraphs 6(c) and 6(d) shall have access only to Classified Information designated by an opposing party as Confidential and shall not have access to Classified Information designated by an opposing party as Attorneys' Eyes Only.

(f)     Independent copying services, independent computer consulting and support services, independent exhibit makers, independent translators, and other independent litigation support services retained by counsel for purposes of this action.

(g)     Court reporters.

(h)     If this Court so elects, any other person may be designated as a Qualified Person by order of this Court, after notice and hearing to all parties.

7.     Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony is Classified Information and is subject to the provisions of this Order.  Any party may also designate information disclosed at such deposition as Classified Information by notifying all of the parties in writing within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as Classified Information thereafter.  Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his/its possession, custody or control.  All deposition transcripts (including any exhibits thereto) shall be treated as Attorneys' Eyes Only for a period of thirty (30) days after the receipt of the transcript.

8.     Information designated as Confidential Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons.  Likewise, information designated as Attorneys' Eyes Only shall also not be disclosed or made available by the receiving party to persons other than Qualified Persons, with the further restriction that information designated as Attorneys' Eyes Only shall not be disclosed to those persons identified in or designated pursuant to sub Paragraphs 6(c) and 6(d) of this Protective Order.

9.     Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons under sub Paragraphs 6(b) through 6(d) above, shall be maintained

only at the office of such Qualified Person and only working copies shall be made of any such documents.  Copies of documents produced under this Protective Order may be made, or exhibits prepared, by independent copy services, printers or illustrators for the purpose of this litigation.

10.     No party shall be responsible to another party for any otherwise lawful use made of information produced and not identified by the supplying party as Classified Information in accordance with the provisions of this Protective Order.  However, in the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Classified Information at the time of its production, that party may retroactively designate the document or other information as Classified Information by providing the other party with notice, in writing, of the retroactive designation.  The subsequently designated information shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

11.     Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the information as Classified Information consents in writing to such disclosure or, if the Court, after notice to all affected parties, orders such disclosures.  Nor shall anything herein prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the Classified Information, regardless of which party produced such information.

12.     A party shall not be obligated to challenge the propriety of a designation as Classified Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designating party of any information as Classified Information or the designation of any person as a Qualified Person, the parties shall first try to resolve such dispute in good faith on an informal basis, such as by production of redacted copies.

If the dispute cannot be resolved, the objecting party shall be required to move the Court for an order modifying the designated status of such information.   The burden of proving that information has been properly designated as Classified Information shall be on the party producing the information.

13.     The parties may, by stipulation, provide for exceptions to this Order and any party may seek an order of this Court modifying this Protective Order.

14.     Any documents that may be inadvertently produced by a party in connection with discovery proceedings in this case, and that, but for such inadvertent production, otherwise would have been entitled to protection from discovery by any privilege or immunity, including without limitation as attorney/client communication or attorney work product, shall continue to be protected as if never produced.   Any inadvertent production of otherwise privileged or protected documents by a party shall not be deemed a waiver by the producing party of any privilege or immunity if such inadvertent production is thereafter brought to the attention of the receiving party by written notice within five (5) days after discovery by the conveying party of such inadvertent production.   The producing party shall provide the opposing party with written notification of inadvertent production, identifying the document or documents that inadvertently have been produced and stating the privilege, immunity, or other protection by which the producing party claims such inadvertently produced document or documents are protected. Within forty-eight (48) hours (not including Saturdays, Sundays, or legal holidays) of receiving the producing party's written notice of inadvertent production, the opposing party shall return to the producing party all inadvertently produced documents identified by the producing party and any and all copies the opposing party has made of such documents, and thereafter shall not

reproduce, disclose, disseminate, or otherwise use any information contained in or derived from said documents or any summaries or notes containing such information.

15.     Neither the identification of inadvertently produced documents by written notification, in accordance with the provisions this Order, nor the return of inadvertently produced documents, in accordance with the provisions of this Order, shall prevent any party from filing any specific objections that normally could be made under the Federal Rules of Civil Procedure to any claims of privilege, immunity, or other protection asserted by the producing party.

16.     In the event a party wishes to use any Classified Information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such Classified Information used therein shall be filed under seal with the Court.

17.     The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated, in whole or in part, as Classified Information by a party to this action.

18.     Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

19.     In order to facilitate third party discovery, the protections afforded herein shall extend to documents or other things or testimony provided by or originating from persons, firms, corporations, or other entities not a party to this action who designate information as Classified Information in the manner provided above with respect to the parties to this lawsuit.  Should a third party provide documents or other things or testimony consisting of Classified Information

of one or more parties to this action, the interested party or parties shall have a period of ten (10) business days after the production or provision of such documents or things or testimony by the third party to designate appropriate materials and information as Classified Information.  Any such designation shall be made in writing and served on all parties and the third party providing the documents or things or testimony.  During this ten (10) day period, all the documents and things produced by the third party shall be treated as Classified Information.  Thereafter, disclosure and use of any materials and information designated as Classified Information shall be governed by the terms of this Protective Order (including, without limitation, the procedures for objection to designations of materials or information as Confidential and Attorneys' Eyes Only).

20.     Except as this Court may otherwise order or to the extent such information was used as evidence at the trial, within ninety (90) days after conclusion of this litigation or, if appeal is taken, the conclusion of any appeal, all Classified Information, including all documents consisting of Classified Information and all reproductions of such documents in the possession of any of the persons qualified under Paragraphs 6(a) through 6(f) shall either:  (a) be returned to the producing party, or (b) be destroyed, with the party in possession certifying to the producing party that such destruction has occurred.  As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) that there shall be no restriction on documents that are used as exhibits in Court unless such exhibits were filed under seal, and (b) that a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders. Additionally, outside counsel of record for the parties shall be entitled to retain all litigation documents (such as pleadings, motions, and other papers filed with the Court; written discovery

responses; and deposition transcripts) and exhibits and their own memoranda containing Classified Information, but such litigation documents and memoranda shall be used only for the purposes of preserving a file on the action and shall not, without the written permission of the opposing party or order of this Court or of another Court of competent jurisdiction, be disclosed to anyone other than those to whom such information was actually disclosed in accordance with this Protective Order, during the course of this action.

21.     This Order shall not bar any attorney herein in the course of rendering advice to his or her client with respect to this litigation from conveying to any party client his or her evaluation in a general way of Classified Information produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Classified Information produced by another party herein, which disclosure would be contrary to the terms of this Protective Order.

22.     Any party designating or providing Classified Information to any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

SIGNED March 3, 2011.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE

## Exhibit A

### Acknowledgment of Obligation

I, the undersigned, hereby acknowledge that I have read the attached Agreed Protective Order entered in connection with the litigation styled *Cottonwood Financial Ltd. v. The Cash Store Financial Services Inc.*, Civil Action No. 3:10-CV-01650-N, pending before the United States District Court for the Northern District of Texas, Dallas Division.  I understand the terms of the Agreed Protective Order and agree to be bound by all the terms thereof.  Without limiting the generality of the foregoing statement, I agree not to disclose any document or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pursuant to the terms of the Agreed Protective Order (or any copies, extracts, summaries, or information otherwise derived therefrom) to any person or entity not authorized under the Agreed Protective Order to receive such information. I further agree to use any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information disclosed to me in connection with this action solely for the purposes of this litigation and for no other purposes.  I further acknowledge and agree that the terms of the Agreed Protective Order are enforceable against me as a contract by any party both during and after the conclusion of this litigation.  I hereby irrevocably submit to the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division for the purposes of enforcing the Agreed Protective Order.

Date: _____

Signature: _____

Type or
print name: _____