IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COTTONWOOD FINANCIAL LTD., § | | |
| § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:10-CV-1650-N |
| § | | |
| THE CASH STORE FINANCIAL , § | | |
| SERVICES, INC. § | | |
|    Defendant. § | | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter was tried before the Court on March 26-28, 2012. All parties appeared through counsel and announced ready for trial. Based on the evidence at trial, the arguments of counsel, and the prior briefing on legal issues, the Court makes the following findings of facts and conclusions of law.

## I. FINDINGS OF FACT

1. Cottonwood is a limited partnership organized under the laws of the State of Texas.

2. Cash Store Financial Services, Inc. ("CSFS") is an alien corporation organized under the laws of the province of Ontario, Canada and headquartered in Edmonton, Alberta, Canada.

3. Both Cottonwood and CSFS provide short-term or "payday" lending services.

4. Cottonwood offers short-term lending services in seven U.S. states: Illinois, Idaho, Michigan, New Mexico, Texas, Utah, and Wisconsin. CSFS offers short-term lending

services in every Canadian province except Quebec. CSFS also has stores and affiliates in the United Kingdom and Australia.

5. Cottonwood's family of marks are registered with the United States Patent and Trademark Office ("USPTO") and are in full force and effect. Cottonwood's Trademark registration numbers are: 2,270,955; 2,461,639; 2,969,462; 3,542,978; 3,546,856; 3,546,856; 3,546,857; 3,546,858; and 3,637,952.

6. Cottonwood first registered an "intent to use" trademark application with the USPTO on October 9, 1996 for its first "THE CASH STORE" mark and obtained full registration on August 17, 1999.

7. CSFS incorporated in Canada under the name "B&B Capital Corporation" in February 2001. CSFS changed its name to "Rentcash Inc." in August 2001.

8. Counsel for CSFS received a trademark search report on February 26, 2001. Two of Cottonwood's marks were listed in the search report.

9. On April 21, 2001, CSFS opened its first branch under the name "THE CASH STORE" in Canada.

10. On May 10, 2001, CSFS applied to register its "THE CASH STORE" logo with the Canadian Intellectual Property Office.

11. On March 22, 2005, CSFS started trading its stock on the Toronto Stock Exchange under the ticker "RCS."

12. On July 13, 2007, CSFS obtained registration of its "THE CASH STORE" logo and design from the Canadian Intellectual Property Office.

13. On March 31, 2008, CSFS changed its name from "Rentcash Inc." to "The Cash Store Financial Services, Inc." On April 7, 2008, CSFS changed its ticker symbol on the Toronto Stock Exchange to "CSF."

14. CSFS does not intend to offer short-term lending services in the United States.

15. CSFS solicits investment capital from U.S. investors.

16. CSFS communicates with its U.S. investors regularly about its business. When doing so, CSFS uses its "THE CASH STORE" Canadian trademark and the company's trade name "The Cash Store Financial Services, Inc." CSFS similarly communicates with potential U.S. investors.

17. On May 18, 2010, CSFS applied to be listed on the New York Stock Exchange ("NYSE").

18. On June 2, 2010, the NYSE authorized CSFS's listing under the ticker "CSFS." CSFS began trading shares on June 8, 2010. CSFS's representatives rang the opening bell at the NYSE that day and prominently displayed CSFS's CASH STORE mark.

19. Cottonwood and CSFS use identical trade names.

20. Cottonwood and CSFS's trade names both feature the phrase "cash store."

21. Cottonwood uses "CASH STORE" in a variety of ways. The first mark was simply the phrase "THE CASH STORE" as a typed drawing in a capitalized font. Another mark is slightly styled, still with all capital letters. Some marks feature the words "Cash" and "Store" one on top of the other, others back-to-back. In one mark, the

words "THE CASH STORE" are written, within an "!" over the "S" in "CASH" to make the "S" look like a dollar sign.

22. CSFS uses its mark primarily in two contexts. In the corporate context, CSFS uses the phrase "CASH STORE FINANCIAL" in green, with "Cash Store" in large lettering above the smaller, capitalized word "financial." On CSFS's brick-and-mortar stores, the phrase "The Cash Store" appears encircled by a yellow oval with green bordering, and with a Canadian "maple leaf" adjacent to "Store." The design rests above the phrase "CASH ADVANCE CENTERS" written in small, white block lettering.

23. Cottonwood has substantially exclusive use of the "CASH STORE" mark in the United States. CSFS was the only entity that used the mark "CASH STORE" other than Cottonwood.

24. Cottonwood advertises the CASH STORE marks through its website and a variety of print and visual media sources. It also sponsors athletic teams and community service activities under its CASH STORE brand.

25. A significant portion of the payday-loan consuming public in Cottonwood's operating areas would recognize the "CASH STORE" marks and associate them with its "CASH STORE" services.

26. The Court declines to credit Cottonwood's survey evidence from Dr. Kamins. The Court finds Dr. Kamin's survey unreliable because of its extremely large number of "don't know" responses to its question about whether the respondents believed "a

foreign financial services company can be listed on the New York Stock Exchange (NYSE) when its name contains an existing US financial service company's trademark." The survey also did not inquire about the possibilities of a company, like CSFS, listed on both the Toronto and the New York Stock Exchanges.

27. The Court declines to credit Cottonwood's survey evidence from Dr. Peterson because the surveys failed to provide a control, asked leading questions by repeatedly emphasizing the name "Cash Store Financial Services, Inc," and failed to actually approximate the marketplace of CSFS's potential investors.

28. Nevertheless, the Court finds there is the potential of actual association where CSFS solicits investments in Cottonwood's seven-state operating area because of CSFS's expansion of investment solicitation to the NYSE.

29. CSFS's investment activities reach both sophisticated and unsophisticated consumers.

30. CSFS directs its regulatory filing and investment solicitation activities nationwide. There is no practical way to segregate out CSFS's solicitation activities directed to Texas or to Cottonwood's seven-state operating area.

31. All findings of fact that are more properly viewed as conclusions of law are also adopted by the Court as conclusions of law.

## II. CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1338(a), 1338(b), and 1367(a). The Court has pendant jurisdiction over the Texas dilution claim.

2. The Court has personal jurisdiction over CSFS.

3.  The Lanham Act does not apply to Cottonwood's claims because CSFS's investment solicitation activities neither advertise goods or services nor use Cottonwood's marks in connection with the use of goods or services. 15 U.S.C. § 1127.

4.  The Texas Anti-Dilution statute allows a party to seek an injunction if another party acts in a manner that causes a likelihood of dilution. The statute does not require the parties be in competition, or that consumers be confused as to the source of the goods or services. TEX. BUS. & COM. CODE § 16.29 (repealed Sept. 1, 2012).

5.  The Texas Legislature recently passed a new dilution statute, limiting dilution protection only to famous marks, *see* TEX. BUS. & COM. CODE § 16.103, but that law has no retroactive effect. *See* Acts 2011, 82nd Leg., ch. 563 (H.B. 3141), § 4, eff. Sept. 1, 2012.

6.  The Court construes the Texas Anti-Dilution statute consistently with the Federal Trademark Dilution Act.

7.  The Court finds the following factors relevant in its dilution analysis: (1) the degree of similarity between the allegedly diluting mark or trade name and the distinctive mark; (2) the degree of inherent or acquired distinctiveness of the distinctive mark; (3) the extent to which the owner of the distinctive mark engages in the substantially exclusive use of the mark; (4) the degree of recognition of the distinctive mark; (5) whether the use of the allegedly diluting mark or trade name intended to create an association with the distinctive mark; (6) any actual or potential association between

   the allegedly diluting mark or trade name and the distinctive mark; (7) the similarity of the products or services between users; and (8) the sophistication of consumers.

8. Cottonwood's family of marks are registered with the ("USPTO") and are in full force and effect. Cottonwood's Trademark registration numbers are: 2,270,955; 2,461,639; 2,969,462; 3,542,978; 3,546,856; 3,546,856; 3,546,857; 3,546,858; and 3,637,952.

9. Cottonwood has three incontestable marks: 2,270,955; 2,461,639; and 2,969,462.

10. Due to Cottonwood's incontestable marks, Cottonwood's remaining marks are functionally incontestable. *See Service Merchandise v. Service Jewelry Stores, Inc.*, 737 F. Supp. 983, 992 (S.D. Tex. 1990) (citing *In re Am. Sail Training Ass'n*, 230 U.S.P.Q. 879 (T.T.A.B. 1986)) ("It would be illogical to allow Defendants to claim that the phrase 'Service Merchandise' is merely descriptive with respect to the non-incontestable marks while the law conclusively presumes that the same phrase is *not* merely descriptive with respect to the incontestable mark[s].")

11. Cottonwood's marks have acquired secondary meaning through this incontestable or functionally incontestable status.

12. By function of their secondary meaning, Cottonwood's marks have a moderate degree of acquired distinctiveness.

13. Cottonwood and CSFS's marks have a high degree of similarity.

14. Cottonwood had substantially exclusive use of its "THE CASH STORE" mark.

15. The Court cannot determine the degree of recognition of Cottonwood's "THE CASH STORE" mark.

16. Cottonwood failed to prove that CSFS intended to create an association between itself and Cottonwood.

17. Direct evidence of actual association is not required. *Visa Int'l Serv. Ass'n v. JSL Corp.*, 610 F.3d 1088, 1091 (9th Cir. 2010).

18. CSFS's marks reach both sophisticated and unsophisticated investors.

19. CSFS's marks will likely dilute Cottonwood's trade name.

20. CSFS's use of its mark will cause Cottonwood irreparable injury because dilution gradually "whittles away" a mark's uniqueness and distinctive selling power.

21. The irreparable injury to Cottonwood outweighs any injury to CSFS because the Court authorizes only limited relief.

22. An injunction serves the public interest by protecting the public from deception, confusion, and misassociation.

23. CSFS directs its regulatory filing and investment solicitation activities nationwide. There is no practical way to segregate out CSFS's solicitation activities directed to Texas or to Cottonwood's seven-state operating area.

24. CSFS, together with its officers, directors, agents, employees, parents, subsidiaries, affiliates, and all others acting in active concert with them, are enjoined as follows:

    (1) CSFS may not refer to itself as "Cash Store" or "The Cash Store" in its regulatory filings in the United States, or in its investment solicitation activities directed at investors, analysts, or consumers in the United States. CSFS may refer textually to its branded outlets as "The Cash Store (Canada)"

    and "The Cash Store (UK)" in its regulatory filings and investment solicitation activities only as necessary to differentiate CSFS's "Cash Store" division from its "Instaloans" division or to reference parties in legal proceedings.

(2)  CSFS may continue to identify itself as "Cash Store Financial," "Cash Store Financial Services," "The Cash Store Financial Services, Inc.," "CSF," and "CSFS" in its regulatory filings in the United States, or in its investment solicitation activities directed at investors, analysts, or consumers in the United States provided, however, that it includes in such filings, communications, and activities a conspicuous disclaimer explaining that

   (a) CSFS is a Canadian corporation;

   (b) CSFS is not affiliated with Cottonwood or its "CASH STORE" trade name; and

   (c) CSFS does not do business in the United States under the trade name "Cash Store" and neither owns nor provides any consumer lending services in the United States.

(3) CSFS may continue to use photographs and other depictions of its "Cash Store" locations in its regulatory filings, communications, and investment solicitation activities directed at the United States.

25.  All conclusions of law that are more properly viewed as findings of fact are also adopted by the Court as findings of fact.

Signed October 16, 2012.

_____
David C. Godbey
United States District Judge